UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAULETTA L. LAVENDER, et al.,

        Plaintiffs,

vs.

CITY OF BLUE ASH, et al.,

        Defendants.

Case No. C-1-02-387

(Judge William O. Bertelsman)

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Defendants the City of Blue Ash and Police Officer Weldon L. Julien ("the Blue Ash Defendants"), Defendants City of Montgomery, Police Officer Thomas Wagner and Police Officer Ronald Freed ("the Montgomery Defendants") (hereinafter collectively referred to as "Defendants"), hereby submit the decision attached as Exhibit A, *Alexander v. Haymon*, 254 F.Supp.2d 820 (S.D. Ohio 2003) (Chief Judge Rice), which was rendered subsequent to Defendants' motions for summary judgment, as supplemental authority.

    In *Alexander*, plaintiffs (three adults and six children) were departing from a concert in which the headlining band had cancelled and thereby caused the crowd to be "restless and possibly dangerous." *Id.* at 825-26. Accordingly, police were called to the area to control the venue grounds. *See id.* at 826. When plaintiffs reached their vehicle, the windows of which were tinted, one of the plaintiffs heard a boy tell a police officer that someone in plaintiffs' party had a gun. *See id.* Thereafter, the two defendant police officers, who were informed by another officer about the existence of weapons in plaintiffs' vehicle, stopped plaintiffs. *See id.* at 82-27. Because of the report of weapons, the officers, with guns drawn, conducted a felony traffic stop in which they commanded plaintiffs to place their hands out of the vehicle's windows and exit

the vehicle. *See id.* at 827. Both adult plaintiffs were handcuffed, one adult was placed inside the transport van and the children were ordered to lay on the ground. *See id.* at 827-28. The police then searched plaintiffs' vehicle for weapons, but found none. *See id.* at 827. Plaintiffs were released after about ten to twenty minutes. *See id.* As a result of the investigatory stop, Plaintiffs brought an action under 42 U.S.C. §§ 1983, 1985 and 1988, alleging, *inter alia*, violations of their Fourth and Fourteenth Amendment rights.

With respect to plaintiffs' Fourth Amendment claims, the Court held that "no reasonable person could conclude that any of the plaintiffs was arrested" and "reasonable minds could not disagree that the length of their detention was perfectly reasonable." *Id.* at 833. Because there was no issue of fact that defendant police officers "were acting pursuant to a report from another officer of possible weapons, the precautionary manner in which the adult plaintiff was detained was clearly reasonable as a matter of law." *Id.* As for the issue of whether the defendant officers had a reasonable suspicion to stop plaintiffs and conduct a brief search for unlawful possession of weapons, this Court concluded that the defendant police officers had no reason to doubt the report given by their fellow officer that there might be weapons inside plaintiffs' vehicle. *See id.* at 835. The Court noted that even though the officers were "wrong about their suspicions, and that innocent children…received quite a scare, likely even a shocking or traumatic scare, from the officers who accosted their [vehicle] and ordered them out and to the ground at gunpoint," the officers' actions were "well within the bounds of reason." *Id.* In addressing plaintiffs' argument that the intensity of the search was more intrusive than necessary, the Court stated that had the officers' suspicions been proven true, "to approach the [vehicle], darkened as it was by the nighttime hour of the stop and its tinted glass windows, in a more casual manner, i.e., without guns drawn, might well have been foolish." *Id.*

In addressing plaintiffs' Fourteenth Amendment claim that the officers' actions constituted racial profiling, the Court stated that plaintiffs had produced no evidence, but had merely asserted conclusory allegations that "Defendants were prejudiced against African Americans." *Id.* at 844. The Court held that these bare contentions did not "affect the reasonableness of the stop in the first instance or otherwise raise a constitutional question." *Id.*

Accordingly, the Court held that the officers' were entitled to summary judgment as a matter of law.

Respectfully Submitted,

/s/ Amanda Prebble Lenhart
Amanda Prebble Lenhart (0072517)
(Email: Amanda.lenhart@dinslaw.com)
Gary E. Becker (0012716)
(Email: gary.becker@dinslaw.com)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
Phone: (513) 977-8200
Fax: (513) 977-8141

Attorneys for Defendants
City of Blue Ash and Officer Weldon L. Julien

/s/ Robert J. Surdyk (Per authority via email)
Robert J. Surdyk (0006205)
Surdyk, Dowd & Turner Co., L.P.A.
Kettering Tower 1610
40 North Main Street
Dayton, OH 45412
Phone: (937) 222-2333
Fax: (937) 222-1970

Attorney for Defendants City of Montgomery, Police Officer Thomas Wagner and Police Officer Ronald Freed

OF COUNSEL:

/s/ Terrence M. Donnellon (per authority via email)
Terrence M. Donnellon (0018581)
(Email: ted@donnellonlaw.com)
Law Director
Donnellon, Donnellon & Miller
9079 Montgomery Road
Cincinnati, OH 45242
Phone: (513) 891-7087
Fax: (513) 891-7125

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing will be served, via the Court's Electronic Filing System, upon Kenneth L. Lawson, Kenneth L. Lawson & Associates, L.P.A., The Dominion Building 808 Elm Street, Suite 100 Cincinnati, OH 45202 this 28th day of October, 2003.

                                                      /s/ Amanda Prebble Lenhart