NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 05-3058

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

INFORMATION COPY MANDATE NOT YET ISSUED
D!S. CT. # 02-387

FILED
JAMES BONINI CLERK
JAN 19 AM 9:38

FILED
JAN 17 2006
LEONARD GREEN, Clerk

| | |
|---|---|
| PAULETTA L. LAVENDER; CHERISE LAVENDER and CASSANDRA LAVENDER, by Next Friend, Pauletta Lavender, | ) ) ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR THE |
| CITY OF BLUE ASH et al., | ) SOUTHERN DISTRICT OF OHIO ) |
| Defendants-Appellees. | ) |

Before: DAUGHTREY, GILMAN, and SUTTON, Circuit Judges.

PER CURIAM. Plaintiff Pauletta Lavender brought this § 1983 action on behalf of herself and her two daughters, charging the defendants, two municipalities and various local police officers with violating their rights under the Fourth and Fourteenth Amendments for false arrest and under state law for intentional infliction of emotional distress. She appeals the district court's order granting summary judgment to the defendants.

The incident that gave rise to the litigation occurred when a patrol officer from Blue Ash, Ohio, spotted a vehicle that appeared to meet the description from an all-points-bulletin radioed about 45 minutes earlier of a getaway car that was involved in an armed bank robbery in Norwood, Ohio. The officer recalled that the car was described as a

*No. 05-3058*
*Lavender v. City of Blue Ash*

"boxy," "older police cruiser type vehicle, color white" with an unusual "driver's side spotlight" common to police cars and that it contained two occupants. Calling for back-up, he followed and then stopped the car, which was being driven by Pauletta Lavender and in which her two daughters were passengers. Officers who converged on the suspicious vehicle ordered Lavender out of her car at gunpoint and handcuffed her while they called for further information about the suspect in the bank robbery.

The officers then determined that the actual robber was a white male in his 30s, while Lavender was female and African-American but, significantly, the police had no description of the getaway car's driver, either as to race or gender. As it turned out, Lavender had no connection with the robbery or the robber. Undoubtedly, her unexpected encounter with the Blue Ash police officers was upsetting to her and to her two children, aged 10 and 16, but the video-tape of the incident, taken by a camera in the patrol car, established that the entire encounter lasted 20 minutes, that Pauletta Lavender was out of her car for a total of eight minutes, and that she was hand-cuffed for only four minutes of that time, while officers searched the inside of the car and its trunk to make sure that the robber was not in the car.

The district court held that there was no constitutional violation because the initial stop, viewed in light of all the circumstances, was supported by the reasonable suspicion required by *Terry v. Ohio*, 392 U.S. 1 (1968), and because the officers who detained the plaintiff had a reasonable belief that an armed robber might have been in the car, thereby

No. 05-3058
Lavender v. City of Blue Ash

justifying both the level of force used by the officers to secure the scene and the thoroughness of their search. In its analysis underlying the grant of summary judgment to the defendants, the district court relied heavily on our decision in Houston v. Clark County Sheriff Deputy John Does 1-5, 174 F.3d 809 (6th Cir. 1999), in which we held in a § 1983 action similar to this one that an officer's stop of the wrong car under circumstances reflecting an honest mistake based upon reasonable suspicion did not constitute a Fourth Amendment violation. The court also held that there was no evidence to support the plaintiff's claim that officers stopped her car solely because of her race, thereby violating her right to equal protection under the Fourteenth Amendment.

Alternatively, the district court also found that even if the plaintiff could have made out a constitutional violation, the individual officers would be entitled to qualified immunity because the plaintiff had failed to demonstrate that, under the circumstances, they had acted in an objectively unreasonable fashion. In addition, the court held that the plaintiff had failed to establish a § 1983 claim against the municipal defendants or the officers in their official capacities.

Having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to all defendants. Because the reasons for the order have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful

*No. 05-3058*
*Lavender v. City of Blue Ash*

purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order dated November 22, 2004.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

NANCY J. BARNES
(513) 564-7022
(FAX) 564-7096
www.ca6.uscourts.gov

Filed: January 17, 2006

Tamara R. Parker
Lawson & Associates
808 Elm Street
Suite 100
Cincinnati, OH 45202

Kenneth L. Lawson
Lawson & Associates
808 Elm Street
Suite 100
Cincinnati, OH 45202

Amanda L. Prebble
Dinsmore & Shohl
255 E. Fifth Street
Suite 1900 Chemed Center
Cincinnati, OH 45202-4797

Terrence Michael Donnellon
Donnellon, Donnellon & Miller
9079 Montgomery Road
Cincinnati, OH 45242

Robert J. Surdyk
Surdyk Dowd & Turner
40 N. Main Street
Suite 1610 Kettering Tower
Dayton, OH 45423

RE: 05-3058
Lavender vs. Blue Ash
District Court No. 02-00387

Enclosed is a copy of an order which was entered today in the above-styled case.

(Ms.) Nancy Barnes
Case Manager

Enclosure

cc:
    Honorable William O. Bertelsman
    Mr. James Bonini